UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

THE BARTRAM, LLC,

    Plaintiff,

v.

CASE NO.: 1:09-cv254-SPM/AK

C.B. CONTRACTORS, LLC,

    Defendant.
_____/

C.B. CONTRACTORS, LLC,

    Defendant/Third-Party Plaintiff,

v.

DUFFIELD ALUMINUM d/b/a DHI
ROOFING, a Florida corporation;
FLORIDA STATE PLASTERING,
LLC, a Florida limited liability
company; LOWRY CONSTRUCTION
& FRAMING, INC., a Florida
corporation; DAI-COLE
WATERPROOFING COMPANY,
INC., a Georgia corporation; FLOOR
CRETE ENTERPRISES, INC.,
a Texas corporation; RIDGWAY ROOF
TRUSS CO., a Florida corporation

    Third-Party Defendants.
_____/

## ORDER DENYING MOTION TO DISMISS

Pending before the Court is Third-Party Defendant Duffield Aluminum

d/b/a DHI Roofing's ("Defendant DHI") Motion to Dismiss (doc. 54). Defendant DHI argues that the controversy should be dismissed for lack of subject matter jurisdiction or, in the alternative, for improper venue. Plaintiff, The Bartram, LLC, ("Plaintiff") filed a response in opposition to Defendant DHI's Motion to Dismiss (doc. 56) ("Plaintiff's Response"), arguing that the Court has both proper subject matter jurisdiction and venue over Defendant C.B. Contractors, LLC ("Defendant CB"). For the reasons set forth below, this Court denies Defendant DHI's Motion to Dismiss.

**Background**

Plaintiff and Defendant CB entered into a contractual agreement on July 27, 2007 for the construction of The Bartram apartment complex in Gainesville, Florida. Defendant CB and Third-Party Defendant DHI subsequently entered into a contractual agreement on July 30, 2007 for the performance of certain roofing work for The Bartram. On December 14, 2009, Plaintiff filed a breach of contract complaint against Defendant CB, alleging that Defendant CB had failed to complete The Bartram in accordance with the contractual agreement. Plaintiff's complaint invoked this Court's subject matter jurisdiction based on the parties' diversity of citizenship, pursuant to 28 U.S.C. § 1332(a).

Consequently, Defendant CB filed a third party complaint against Defendant DHI on May 21, 2010 for indemnification of the damages sought by Plaintiff (doc. 28). Defendant DHI promptly answered the complaint (doc. 29),

and later filed a motion to dismiss on July 8, 2010 (doc. 54). The motion to dismiss challenges the Plaintiff's complaint on two grounds: lack of diversity for subject matter jurisdiction and lack of proper venue. Plaintiff filed a response in opposition to Defendant DHI's Motion to Dismiss on July 15, 2010, arguing that the complaint has proper subject matter jurisdiction and proper venue as pleaded (doc. 56).

## Discussion

Federal courts are courts of limited jurisdiction. A federal court may only adjudicate controversies that have "at least one of the three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466 (11th Cir. 1997). Because Plaintiff neither pleaded a federal question claim nor alleged that the Court has jurisdiction pursuant to a specific statutory grant, this Court must dismiss Plaintiff's complaint if diversity jurisdiction is not satisfied. Barnett v. Bailey, 956 F.2d 1036, 1039 (11th Cir. 1992); Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

Diversity jurisdiction is satisfied when there is (1) at least seventy-five thousand dollars ($75,000) in dispute and (2) diversity of citizenship between all named plaintiffs and defendants. 28 U.S.C. § 1332. Diversity of citizenship

requires complete diversity of the parties; in particular, each plaintiff must have a different state citizenship from every defendant. Palmer v. Hosp. Auth. of Randolph County, 22 F.3d 1559, 1564 (11th Cir. 1994).

Individual parties and corporate parties are treated differently with respect to diversity of citizenship. An individual has a single state citizenship[1], whereas a corporation "is a citizen of both the state where it is incorporated and the state where it has its principle place of business." MacGinnitie v. Hobbs Group, LLC, 420 F.3d 1234, 1239 (11th Cir. 2005). The Supreme Court recently held that a corporation's principle place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." The Hertz Corp. v. Friend, 130 S.Ct. 1181, 1192 (2010). This determination is known commonly amongst the Courts of Appeals as the "nerve center" test[2]. Id.

While limited liability companies ("LLC") are structurally similar to corporations, LLCs are treated as a collection of individuals for jurisdictional

---

[1] In particular, "[i]n order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989).

[2] Plaintiff contends that the Supreme Court's holding in Hertz has simply reiterated that a "*much stronger emphasis* [should be] placed on the operational location of the corporation when its activities are located in more than one place" than on the "place of activities test" component of the "total activities test" previously used by the Eleventh Circuit in determining a corporation's principle place of business. Plaintiff's Response; See Sweet Pea Marine, Ltd. v. APJ Marine, Inc., 411 F.3d 1242, 1247-1248 (11th Cir. 2005); Vareka Investments, N.V. v. American Investment Properties, Inc., 724 F.2d 907, 910 (11th Cir. 1984). However, the Eleventh Circuit has interpreted Hertz as stating that the "total activities test" has been abolished in favor of the more consistent "nerve center test." Ehrler v. Seashore Resorts, LLC, No. 2:09-cv-541-FtM-29SPC, 2010 WL 10494524, at *2 (M.D. Fla. 2010); See also Meier v. Deutsche Bank Trust Co. Americas, No. 2:09-cv-169-FtM-29SPC, 2010 WL 1655528, at *1 (M.D. Fla. 2010).

CASE NO.: 1:09-cv254-SPM/AK

purposes.  See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir 2004).  The Eleventh Circuit considers LLCs as citizens of every state of which a member of the LLC is a citizen.  Id.  Thus, unlike corporations, the nerve center does not determine the citizenship of an LLC.

Subject matter jurisdiction may be challenged by a party either facially or factually.  Morrison v. Amway Corp., 323 F.3d 920, 925 (11th Cir. 2003).  A facial attack requires the Court to determine whether a controversy satisfies jurisdictional requirements based on the four corners of the plaintiff's complaint.  Id. at n.5.  In contrast, a factual attack requires the Court to determine whether it has jurisdiction over a controversy based on "extrinsic evidence such as testimony and affidavits" that contradict the pleadings[3].  Id.  Therefore, a Court must identify whether a party's challenge is facial or factual before determining whether there is a basis for subject matter jurisdiction.  Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990).

Here, Defendant DHI's Motion to Dismiss is first premised on a factual attack on the controversy's subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1).  Plaintiff pleaded subject matter jurisdiction based on

---

[3] More specifically, the former Fifth Circuit held that "[t]he district court has the power to dismiss for lack of subject matter jurisdiction on any of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  Williamson v. Tucker, 645 F.2d 404, 412 (5th Cir. 1981).

CASE NO.: 1:09-cv254-SPM/AK

corporate citizenship.[4] In particular, Plaintiff's complaint stated that (1) Plaintiff ("The Bartram, LLC") is a corporation with citizenship by means of incorporation in Delaware and by means of principle place of business in Florida and that (2) Defendant CB ("CB Contractors, LLC") is a corporation with citizenship in Georgia by means of both incorporation and principle place of business. As such allegations do not comply with the aforementioned legal standards for the citizenship of an LLC, subject matter jurisdiction was not properly pleaded.[5]

Plaintiff ("The Bartram, LLC") is a limited liability company with a single member, Loretta H. Cockrum. Plaintiff's Response, Exhibit A; Plaintiff's Response, Exhibit B. At the commencement of this controversy, Ms. Cockrum was a US citizen domiciled in Florida and was thereby deemed a citizen of Florida[6]. Plaintiff's Response, Exhibit A. Ms. Cockrum remains a citizen of Florida today. Id. Because Ms. Cockrum is the sole member of Plaintiff and she a citizen of Florida, Plaintiff has a single citizenship in Florida.

Defendant CB ("CB Contractors, LLC") is also limited liability company

---

[4] A court accepts pleaded facts as true and construes such facts in the light most favorable to the plaintiff. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

[5] Plaintiff improperly relied on the jurisdictional standard for corporate entities, rather than LLCs. While Plaintiff's complaint states that Plaintiff and Defendant CB are corporations, both Plaintiff and Defendant CB were registered as LLCs – not corporations. Thus, Plaintiff should have identified the parties as LLCs and pleaded each party's citizenship according to the legal standard for a LLC.

[6] An individual is a citizen of the state in which the individual is domiciled. McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002).

CASE NO.: 1:09-cv254-SPM/AK

with a single member; namely, Michael P. Ruskin. Plaintiff's Response, Exhibit C. At the commencement of this controversy, Mr. Ruskin was a US citizen domiciled in Georgia and was thereby deemed a citizen of Georgia. Plaintiff's Response, Exhibit D. Mr. Ruskin remains a citizen of Georgia today. Id. As Mr. Ruskin is the sole member of Defendant CB and he is a citizen of Georgia, Defendant CB has a single citizenship in Georgia.

As Plaintiff is a citizen of Florida and Defendant CB is a citizen of Georgia, diversity of citizenship exists between the parties because they do not share a common state citizenship. 28 U.S.C. §1332(a). Plaintiff's complaint requests more than $75,000 in damages from Defendant CB for breach of contract, thereby satisfying the amount in controversy requirement for diversity jurisdiction. Id. Thus, the controversy between Plaintiff and Defendant CB has subject matter jurisdiction by means of diversity jurisdiction, pursuant to 28 U.S.C. §1332.

In addition to subject matter jurisdiction requirements, a controversy may only be brought in federal court with proper venue. If the venue of a controversy brought in federal court was determined by a forum selection clause in a contract between the parties, the parties may challenge the venue by filing a motion to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). BP Products North America, Inc. v. Super Stop 79, Inc., 464 F. Supp. 2d. 1253, 1256 (S.D. Fla. 2006). Venue based on a forum selection clause may be improper if the forum selection clause is invalid.

CASE NO.: 1:09-cv254-SPM/AK

While forum selection clauses within contractual agreements are presumptively valid under Florida law, there are some exceptions. Matrix Z, LLC v. Landplan Design, Inc., 493 F. Supp. 2d. 1242, 1248 (S.D. Fla. 2007). The Eleventh Circuit determines the validity of forum selection clauses using the standard rules that govern the enforceability of contracts. In re Ricoh Corp., 870 F.2d 570, 573-74 (11th Cir. 1989). Accordingly, the Court will enforce a forum selection clause unless there is "a strong showing . . . that enforcement would be unreasonable and unjust or that the clause [is] invalid for such reasons as fraud or overreaching." BP, 464 F. Supp. 2d. at 1257.

Here, the venue in this controversy is proper based on the forum selection clause between Plaintiff and Defendant CB. The forum selection clause states that:

> [A]ny claims and causes arising under or in conjunction with this Agreement shall be brought in a court of competent jurisdiction in Alachua County, Florida. In the event of litigation relating to this Agreement or the performance or nonperformance of Work hereunder, the Contractor [("Defendant CB")] and the Owner [("Plaintiff")] voluntarily and irrevocably accept the jurisdiction of the applicable courts of Alachua County, Florida, in which the Project is located and hereby waive any argument that such a forum is inconvenient.

(doc. 1, Exhibit A1 §14.5.2). This provision is imputed upon the contract between Defendant CB and Defendant DHI, as the subcontract states that:

> In the event of any dispute between Subcontractor [("Defendant DHI")] and CBC [("Defendant CB")], Subcontractor agrees to be bound to CBC at least to the same extent that CBC is bound to the Owner by

    terms of the agreement between the Owner and CBC, and by any
and all decisions or determinations made thereunder.

(doc. 29, Exhibit B1 ¶ 18).  As this Court has subject matter jurisdiction over the controversy pursuant to 28 U.S.C. §1332, this Court is a proper venue in light of the forum selection clause because the Court is "a court of competent jurisdiction in Alachua County, Florida" (doc. 29, Exhibit B1 ¶ 18).  Furthermore, as there is no evidence suggesting that the enforcement of the forum selection clause would be unreasonable or unjust, the forum selection clause is valid and is rightfully relied upon to determine the proper venue for the controversy.[7]

    Finally, the Court denies Defendant DHI's request to conduct jurisdictional discovery.  Defendant DHI contends that further discovery is needed to determine the citizenship of Plaintiff and Defendant, because the pleaded facts do not concretely establish the parties' nerve center or place of activities.  However, as Plaintiff and Defendant CB are both organized as single-member LLCs, the citizenship of the parties is undeniably the citizenship of each party's respective single-member.  Thus, an extension to conduct jurisdictional discovery

---

[7] The party challenging the enforcement of a forum selection clause has the burden to provide a "strong showing" that it should be set aside.  <u>M/S Bremen and Unterweser Reederei, GmBH v. Zapata Off-Shore Co.</u>, 407 U.S. 1, 15 (1972).  As Defendant DHI has not provided a strong showing of why the forum selection clause should not apply, the Court will presume the provision's validity and apply it accordingly.

CASE NO.: 1:09-cv254-SPM/AK

is unnecessary and Defendant DHI's request is therefore denied.

Accordingly, it is hereby ORDERED AND ADJUDGED:

1. Defendant DHI's Motion to Dismiss for Lack of Subject Matter Jurisdiction or, in the alternative, for Improper Venue (doc. 54) is denied.

2. Defendant DHI's Motion for Leave to File a Reply (doc. 71) is denied.

3. Third Party Plaintiff C.B. Contractors' Motion for Extension of Time (doc. 70) is granted. The response (doc. 72) has been considered.

DONE AND ORDERED this 10th day of August, 2010.

*s/ Stephan P. Mickle*
Stephan P. Mickle
Chief United States District Judge