IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

THE BARTRAM, LLC,

      Plaintiff,

v.                             CASE NO.: 1:09-cv-00254-SPM/GRJ

C.B. CONTRACTORS, LLC, and
CAMBRIDGE BUILDERS &
CONTRACTORS, LLC.,

      Defendants.

_____/

## ORDER ON CROSS MOTIONS FOR PARTIAL SUMMARY JUDGMENT

THIS CAUSE comes before this Court on the parties' cross motions for partial summary judgment. At issue is whether a waiver of consequential damages included in the parties' construction contract prevents Plaintiff from obtaining some of the damages it is seeking from the defendant contractors.

### BACKGROUND

Plaintiff, the Bartram, LLC, is the owner of the Bartram Apartments. Defendant C.B. Contractors, LLC, is the contractor who built the Bartram Apartments for Plaintiff.  Defendant Cambridge Builders, LLC, is alleged to be an alter ego of C.B. Contractors, LLC.

In 2007, Plaintiff and CB Contractors, LLC, entered into a construction contract by which CB agreed to construct The Bartram Apartments. In furtherance of its obligations as a general contractor, CB entered into series of subcontracts for construction work. After the construction of the apartment complex was completed, Plaintiff noticed water damage allegedly caused by construction defects. Plaintiff is suing CB for various damages including "lost revenue . . . , increased finance costs, and diminution in value . . . ." Amended Complaint, doc. 36, ¶ 23. See also ¶¶ 28 and 33.

The construction contract contains a waiver of consequential damages. Relying on the waiver, Defendants seek partial summary judgment to enforce the waiver and preclude Plaintiff from seeking consequential damages in the form of lost revenue, increased finance costs, and diminution of value. Plaintiff on the other hand argues that the waiver applies only during the construction phase of the contract and applies only if one of the parties terminates the contract. Plaintiff also argues that consequential damages should not include increased finance costs and diminution in value of the project.

## STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The contract interpretation in this case does not involve

any disputed facts and thus presents an issue of law for the Court to decide.

<u>Smith v. State Farm Mu. Auto. Ins. Co.</u>, 231 So.2d 193, 194 (Fla. 1970).

**DISCUSSION**

The parties' contract is over 100 pages long and consists of an

Agreement, General Conditions, Drawings, Specifications, Addenda, and other

documents. The waiver relied upon by Defendants is in the General Conditions.

It is taken from an American Institute of Architects standard form, Document

A201-1997 General Conditions of Contract. Sections 4.3 through 4.5 of the

General Conditions contain dispute resolution provisions. The waiver is found in

section 4.3.10. It states:

> The Contractor and Owner waive Claims against each other for consequential damages arising out of or relating to this contract. This mutual waiver includes:
>
> 1. damages incurred by the Owner for rental expenses, for losses of use, income, profit, financing, business and reputation, and for loss of management or employee productivity or of the services of such persons, and damages incurred by the Contractor for principal office expenses including the compensation of personnel stationed there, for losses of financing, business and reputation, and for loss of profit except anticipated profit arising from the Work.
>
> 2. This mutual waiver is applicable, without limitation, to all consequential damages due to either party's termination in accordance with Article 14. Nothing contained in this section 4.3.10 shall be deemed to preclude an award of liquidated damages, when applicable, or for damages or costs to repair third

party property in accordance with the requirements of
the Contract Document.

Plaintiff contends that the waiver by its own terms in the second numbered

paragraph applies only when the contract is terminated–"[T]he mutual waiver is

applicable, without limitation, to all consequential damages due to either party's

termination in accordance with Article 14."  Plaintiff also argues that the waiver is

limited by a provision in the Agreement section of the contract.  Section 14.6.15

of the Agreement provides (underscoring supplied):

> <u>During the Construction P]hase</u>, Claims, disputes or other matters
> in question between the parties to this Agreement shall be resolved
> as provided in sections 4.3 through 4.5 of A201-1997, as modified
> by the Owner.

According to Plaintiff, section 14.6.5 clarifies that the dispute resolution

provisions in section 4.3 through 4.5, including the waiver, apply only during the

construction phase.  Plaintiff explains that the parties agreed in section 4.3 to an

elaborate construction schedule and negotiated liquidated damages in lieu of

consequential damages during the construction phase.[1]  Thus, Plaintiff argues,

---

[1] Section 4.3.2 of the General Conditions states:
Liquidated Damages shall be the sole Owner remedy for Contractor delay
. . . for each day of inexcusable delay beyond a twenty-day (20) grace
period after the Substantial Completion Milestone Dates as defined in this
Agreement for each individual building. . . . Contractor acknowledges and
agrees that the actual delay damages which the Owner will suffer in the
event of a delay in achieving Substantial Completion of the Work are
difficult, if not impossible to determine, and that the Liquidated Damages

the waiver of consequential damages applies only during the construction phase because liquidated damages were provided in their place.

In construing the terms of the contract, the court will give effect to the plain language when that language is clear and unambiguous. Equality Life Style Prop., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1241 (11th Cir. 2009). Here, the waiver of consequential damages in section 4.3.10 is clear and unambiguous. An ordinary person reading the provision would understand that he was contracting away the right to recover consequential damages from the other party. The waiver is clearly written and unequivocal. It contains no limitation for when it applies. The waiver is valid and enforceable under Florida law. See Cooper v. Meridian Yachts, 575 F.3d 1151, 1167 (11th Cir. 2009) (applying Florida law on waiver of damages).

Although Plaintiff argues that the waiver only applies to termination, the plain language of the contract says otherwise. The waiver applies "without limitation." 4.3.10 at ¶ 2. Plaintiff also argues that the waiver must be limited to disputes during the construction phase, otherwise it would conflict with section 14.6.15 of the agreement. This argument is unavailing.

The fact that section 14.6.15 of the agreement expressly applies the waiver during the construction phase does not conflict with a broad application of

_____

    described above are a fair and reasonable estimate of the delay damages which the Owner is expected to suffer in the event of such delay.

the waiver to post-construction disputes.  Instead, the section clarifies that the

waiver applies even during the construction phase, thereby leaving the liquidated

damages provision as the sole remedy for construction delays.  The section

clarifies that despite the provision of liquidated damages, consequential damages

in other forms remain subject to the waiver.  See Larry R. Leiby, Florida

Construction Law Manual, § 7:42 (2010-2011 ed.) ("For clarity, if there is both a

waiver of consequential damages and a provision for liquidated damages for

delay, the contract should recite that the liquidated damages in the contract is a

limited exception to the waiver of consequential damages.").

Having found that the waiver of consequential damages applies broadly

and encompasses the parties' post-construction claims, it remains to be

determined if Plaintiff's prayer for lost revenue, increased finance costs, and

diminution of value constitute consequential damages.  Plaintiff makes no

argument concerning lost revenue.  With regard to financing costs and diminution

of value, Plaintiff contends that they are not consequential damages.

Plaintiff argues that the waiver applies by its terms only to "losses of

financing" as opposed to the increased costs of financing.  The list of

consequential damages in the waiver, however, is non-exhaustive.  Wal-Mart

Stores, Inc. v. S.C. Nestel, Inc., 1:07-cv-0470-LJM-JMS, 2010 WL 1190534 (S.D.

Ind. Mar. 23, 2010).  The waiver does not limit its applicability to the examples

specifically listed.  Under generally recognized canons of construction[2], increased financing costs are included in the waiver because they are substantially similar to losses of financing.[3]  Furthermore, interest and finance costs are generally considered to be consequential damages under Florida law.  <u>Blair v. A.E.G.I.S. Corp.</u>, 523 So.2d 1186, 1189 (Fla. 2d DCA 1988) (applying Florida UCC).

Likewise, diminution of value under Florida law is deemed to be a consequential damage.  <u>See</u> <u>Rollings, Inc. v. Butland</u>, 951 So.2d 860, 870 (Fla. 2d DCA 2006) (applying FDUTPA bar on consequential damages to exclude diminution of value).  Furthermore, since loss of use, income, and profit are included in the waiver, calculating the diminution of value poses extreme difficulties even if not specifically included in the waiver.  <u>See</u> S. Gregory Joy, Eugene J. Heady, Suzanne Karbarz Rovner, and Ridgely J. Jackson, <u>Alternative Clauses to Standard Construction Contracts</u>, § 8.22 (2010) ("[T]he market value of a commercial property is often based on its ability to generate rents or income,

---

[2] "The principle of ejusdem generis provides that where general words follow an enumeration of specific words, the general words are construed as applying to the same kind or class as those that are specifically mentioned."  <u>Castillo v. State Farm Fla. Ins. Co.</u>, 971 So. 2d 820, 822 (Fla. 3d DCA 2007).

[3] The costs of financing in this case may have also been caused by lost profits and rents due to construction defects, which were specifically included in the waiver. This sets the costs of financing apart from extended financing costs that flow from construction delay, which are considered to be direct damages.  <u>See</u> <u>Chestnut Hill Dev. Corp. v. Otis Elevator Co.</u>, 739 F.Supp. 692, 702 (D.Mass. 1990) (extended financing costs due to construction delay are direct damages).

but if the loss of such rents or income is deemed "consequential," the contractual waiver of consequential damages in the A201 might impair the ability of the court to calculate the reduced market value of the project in a way that furnishes compensation that the owner expects."). Accordingly, the Court finds that Plaintiff cannot recover for diminution of value to the extent the diminution includes loss of use, income, or profit. Based on the foregoing, it is

ORDERED AND ADJUDGED:

1.      Defendants' motion for partial summary judgment (doc. 73) is granted. Plaintiff is precluded by the waiver of consequential damages from recovering lost revenue, increased finance costs, and diminution of value (to the extent it is based on loss of use, income, or profit).

2.      Plaintiff's motion for partial summary judgment (doc. 97) is denied.

DONE AND ORDERED this 31st day of March, 2011.


                                *s/ Stephan P. Mickle*
                                Stephan P. Mickle
                                Chief United States District Judge