IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

THE BARTRAM, LLC,

    Plaintiff,

v.                                                                                              CASE NO. 1:09-cv-254-SPM-GRJ

C.B. CONTRACTORS, LLC, and
CAMBRIDGE BUILDERS
& CONTRACTORS, LLC,

    Defendants.

_____/

C.B. CONTRACTORS, LLC,

    Third-Party Plaintiff,

v.

DUFFIELD ALUMINUM d/b/a DHI
ROOFING, a Florida corporation,
et al.,

    Third-Party Defendants.

_____/

## O R D E R

Pending before the Court is Third Party Defendant Alcala Construction Management, Inc.'s Motion To Vacate Default. (Doc. 228.) On April 13, 2011 Defendants C.B. Contractors, LLC and Cambridge Builders & Contractors, LLC (collectively, "C.B.") moved for entry of default against Third Party Defendant Alcala Construction Management, Inc. ("Alcala"). The Clerk entered a default against Alcala that same day. (Doc. 225.) Alcala requests the Court to set aside the default against it

and advises that counsel for C.B. does not oppose Alcala's motion.

Fed. R. Civ. P. 55(c) provides that "[t]he court may set aside an entry of default for good cause." Good cause is a liberal standard that varies from situation to situation, but relevant factors for a court to consider are whether a default was "culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." <u>Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion</u>, 88 F.3d 948, 951 (11th Cir. 1996). In support of its motion, Alcala notes that its counsel and counsel for C.B. have been discussing potential informal resolution of this dispute and represents that there was a mis-communication between counsel as to whether and to what extent Alcala should file a formal response.

There is good cause to set aside the default entered against Alcala. C.B., the party that sought the default against Alcala, would not suffer any prejudice, nor would it cause delays in this litigation, as Alcala has represented in its motion that it is willing to file a response to C.B.'s Amended Third Party Complaint (Doc. 136) within five business days of any order setting aside the default against Alcala. In addition, C.B. does not oppose the relief requested in Alcala's motion. Accordingly, there is good cause under Fed. R. Civ. P. 55(c) to set aside the default against Alcala and Alcala's motion is, therefore, due to be **GRANTED**.

Upon due consideration, it is hereby **ORDERED** that:

1. Third Party Defendant Alcala Construction Management, Inc.'s Motion To Vacate Default (Doc. 228) is **GRANTED**.

2. The Clerk's default (Doc. 225) entered against Alcala Construction

    Management, Inc. is hereby **SET ASIDE**.

3.  Third Party Defendant Alcala Construction Management, Inc. shall file its response to the third party complaint by **May 3, 2011**.

**DONE AND ORDERED** this 26th day of April, 2011.

           *s/ Gary R. Jones*
           GARY R. JONES
           United States Magistrate Judge