IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

THE BARTRAM, LLC,

    Plaintiff,

v.                                      CASE NO. 1:09-cv-254-SPM-GRJ

C.B. CONTRACTORS, LLC, and
CAMBRIDGE BUILDERS
& CONTRACTORS, LLC,

    Defendants.

_____/

C.B. CONTRACTORS, LLC,

    Third-Party Plaintiff,

v.

DUFFIELD ALUMINUM d/b/a DHI ROOFING,
a Florida corporation, et al.,

    Third-Party Defendants.

_____ /

# O R D E R

       Pending before the Court is BK Waterproofing's Agreed Motion To Vacate Default.  (Doc. 247.)  On July 19, 2010 Dai-Cole Waterproofing Company, Inc. (Dai-Cole") filed a Third-Party Complaint in this case against BK Waterproofing, Inc. ("BK") and Larry Stevens.  (Doc. 62.)  On April 19, 2011 Dai-Cole moved for entry of default against BK (Doc. 226), and the Clerk entered a default against BK on April 25, 2011.  (Doc. 230.)  BK requests the Court to set aside the default against it and advises that Dai-Cole does not oppose the relief requested in BK's motion.

Fed. R. Civ. P. 55(c) provides that "[t]he court may set aside an entry of default for good cause." Good cause is a liberal standard that varies from situation to situation, but relevant factors for a court to consider are whether a default was "culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." <u>Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion</u>, 88 F.3d 948, 951 (11th Cir. 1996). In support of its motion, BK's counsel states that she was contacted by the insurance company for BK and that she was asked by the insurer to represent BK in this case. BK's counsel asserts that she filed the instant motion as soon as she discovered that a default had been entered against BK in this case. BK also asserts that its failure to file a timely response was not the result of willfulness or intentional disregard for the judicial process. BK asserts that it has meritorious defenses to Dai-Cole's Third-Party Complaint and that Dai-Cole agrees to the entry of an order vacating the default.

For the reasons offered in BK's motion, the Court concludes that BK has demonstrated good cause under Fed. R. Civ. P. 55(c) to set aside the default against it.

Accordingly, upon due consideration, it is **ORDERED** that:

1. BK Waterproofing's Agreed Motion To Vacate Default (Doc. 247) is **GRANTED**.

2. The clerk's default entered against Defendant BK Waterproofing, Inc. On April 25, 2011 (Doc. 230) is **SET ASIDE**.

3. BK Waterproofing, Inc. shall respond to Dai-Cole's Third Party Complaint

*Case No: 1:09-cv-254-SPM-GRJ*

(Doc. 62) on or before **June 14, 2011.**

**DONE AND ORDERED** this 25th day of May, 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge