IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

THE BARTRAM, LLC,

      Plaintiff,

v.                              CASE NO.: 1:09-cv-00254-SPM/GRJ

C.B. CONTRACTORS, LLC, and
CAMBRIDGE BUILDERS &
CONTRACTORS, LLC.,

      Defendants.

_____/

**ORDER DENYING MOTION FOR CERTIFICATE OF APPEALABILITY**

      THIS CAUSE comes before this Court on Plaintiff's Motion Requesting

Certification of Order on Cross Motions for Partial Summary Judgment (DE 214)

for Immediate Appeal Pursuant to 28 U.S.C. § 1292(b) and the response in

opposition filed by Defendants, C.B. Contractors, LLC and Cambridge Builders &

Contractors, LLC.  Docs. 221 and 229.

      The claims in this case involve defective construction of an apartment

complex built for and owned by Plaintiff, the Bartram LLC.  On March 31, 2011,

the Court entered an order on partial summary judgment which found that a

contractual waiver of consequential damages precludes Plaintiff from claiming

lost revenue, increased financing costs, and aspects of diminution of value

against the builder C.B. Contractors, LLC and its alleged alter ego, Cambridge Builders & Contractors, LLC on the breach of contract claims.  Plaintiff represents that these damages amount to many millions of dollars and seeks a certificate of appealability to immediately appeal the Court's ruling.

A court may certify a non-final order for immediate appeal under Title 28, United States Code, Section 1292(b), if three conditions are satisfied.  First, the order must involve a controlling issue of law.  Second, there must be a substantial ground for difference of opinion with respect to the issue of law. Third, the appeal must materially advance the termination of the litigation.

An issue of law is "controlling" if it "would require reversal if decided incorrectly or [if ]it could materially affect the course of litigation with resulting savings of the court's or the parties' resources."  Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Group, 233 F. Supp. 16, 19 (D.D.C. 2002).  The issue of law must be "pure," meaning that it can be reviewed by the Court of Appeals "without having to delve beyond the surface of the record in order to determine the facts." McFarlin v. Conesco Servs., Inc., 381 F.3d 1251, 1259 (11th Cir. 2004).  The issue of law must have general relevance to other cases in the same area of law and not be dependent upon the evidence or facts of the particular case.  Id. Examples include the "meaning of a statutory or constitutional provision, regulation, or common law doctrine."  Id. at 1258.  "The antithesis of a proper §

1292(b) appeal is one that turns on whether there is a genuine issue of fact or whether the district court properly applied settled law to the facts or evidence of a particular case." Id. at 1259.

In this case, the law regarding waiver of consequential damages is well settled.  What is subject to debate is whether the Court applied the law correctly in construing the terms of the parties' contract.  This issue does not have general relevance to other cases since it is dependent on the contract used in this case, which though based on American Institute of Architects' standard forms is customized to include provisions that the parties specifically negotiated.  Since there is no substantial ground for difference of opinion as to the state of the law, as opposed to the Court's application of the law to the parties' contract in this case, and no issue that would have general relevance to other cases, certifying the issue for immediate appeal under § 1292(b) is not appropriate.

Furthermore, it does not appear that an appeal would materially advance the termination of litigation.  Liability for the construction defects and damages for repair are substantial issues that remain to be litigated.  These matters would not be decided by the appeal.  See McFarlin 381 F.3d 1251, 1259, 1262 (denying certificate for immediate appeal because answering issue on tortious interference claim would not eliminate other remaining claims).  The issues would remain for

CASE NO.: 1:09-cv-00254-SPM/GRJ

trial and would not be materially advanced by the appeal.  Accordingly, it is

ORDERED AND ADJUDGED:  Plaintiff's Motion Requesting

Certification of Order on Cross Motions for Partial Summary Judgment (DE 214)

for Immediate Appeal Pursuant to 28 U.S.C. § 1292(b), doc. 221, is denied.

DONE AND ORDERED this 28th day of June, 2011.


*s/ Stephan P. Mickle*
Stephan P. Mickle
Senior United States District Judge

CASE NO.: 1:09-cv-00254-SPM/GRJ