IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

THE BARTRAM, LLC,

      Plaintiff,

v.                                    CASE NO. 1:09-cv-254-SPM-GRJ

C.B. CONTRACTORS, LLC, and
CAMBRIDGE BUILDERS
& CONTRACTORS, LLC,

      Defendants.
_____/

C.B. CONTRACTORS, LLC,

      Third-Party Plaintiff,

v.

DUFFIELD ALUMINUM d/b/a DHI ROOFING,
a Florida corporation, et al.,

      Third-Party Defendants.
_____/

## O R D E R

On February 6, 2012 the Court conducted a status conference pursuant to

Plaintiff's request, doc. 476, to address the setting of a reasonable discovery cut-off and

a limitation on the number of depositions to be taken during the extended discovery

period.   For the reasons discussed by the Court at the hearing, which are fully

incorporated into this order, and as summarized below, the parties shall be permitted to

take the following depositions within the extended discovery period.

***Facchina Depositions***

    Facchina Construction of Florida, LLC ("Facchina"), and its director of

preconstruction, Michael Harstad, were retained by Plaintiff to assist in developing a

detailed cost control estimate with assumptions. Plaintiff intends to utilize Facchina and

Mr. Harstad at trial to provide testimony regarding the anticipated repair costs and scope of repair work. Defendant CB Contractors, LLC ("CB") contends that it needs to depose Jesus Vasquez, John Lavelle and Joe McGinnis, three employees of Facchina Construction of Florida, LLC ("Facchina"), who work in Facchina's Main Office in Ft. Lauderdale. Additionally, CB contends that it needs to depose four of the subcontractors whose data and opinions were relied upon by Mr. Harstad in preparing his report: Jody Brown of Sto, Gerry Brousseau of Wall Systems, Inc. of Southwest Florida, Vito DePinto, and Todd Kanistras of General Caulking.  Lastly, although Mr. Harstad has already been deposed for two days, some of the parties were unable to complete his deposition and therefore request an additional day to complete his deposition.

With regard to CB's request to depose Jesus Vasquez, John Lavelle and Joe McGinnis the Court concludes that these depositions are not critical to the case because none of these three individuals personally participated in the preparation of the expert report prepared by Mr. Harstad. CB's request is therefore due to be denied.

However, with respect to CB's request to depose four of the subcontractors, whose data and opinions were relied upon by Mr. Harstad in preparing his report, the request is due to be granted. CB and the other parties shall be permitted to depose Jody Brown of Sto, Gerry Brousseau of Wall Systems, Inc. of Southwest Florida, Vito DePinto, and Todd Kanistras of General Caulking.

The roofing subcontractor on the project also requested permission to depose corporate representatives of each of the three roofing subcontractors Mr. Harstad contacted for bids to be included in his expert report.  These subcontractors were identified as: Lido Holdings, Inc., Perry Roofing and Advance Roofing and Sheet Metal.

For the reasons discussed at the hearing, the request to depose the corporate representatives from Lido Holdings, Inc., Perry Roofing and Advance Roofing and Sheet Metal is due to be granted.

Lastly, because the parties did not have the opportunity to complete the deposition of Mr. Harstad, the parties shall be permitted to complete the deposition of Mr. Harstad for one additional day.

### Foram Depositions

CB requests permission to depose several representatives and employees of Foram Development ("Foram"), the developer of the Bartram project. These individuals include Jeff Tobin, Pam Brown, Bill Urban, Keith Colgan and Loretta H. Cockrum. According to CB, the reason it needs to depose these individuals at this late day is because they only were provided with executed copies of the Development Agreement and Construction Management Agreement between Plaintiff and Foram in the past several weeks. Although fully executed copies of the agreements were only provided recently, the role of Foram has been known, or should have been known, by CB, and the other parties, during the early stages of discovery. Copies – albeit unexecuted copies – of the agreements with Foram were produced to the parties early in this case. The parties have been well aware that Foram was the owner's representative and onsite management for the project. Depositions of Foram employees and representatives could have been completed a long time ago. While Defendants assert that testimony from Foram representatives could be relevant to the issue of whether Plaintiff is responsible for performing faulty or improper supervision of the construction and sequencing of work, there is no reason offered for waiting until after the discovery deadline to pursue this discovery. Moreover, as an owner's representative it appears

that Foram was involved in the development and management of the project and not in the actual construction so their testimony while possibly relevant to a limited degree is not critical at this late stage of the case.  Accordingly, the Court concludes that CB and the Defendant's requests to depose Jeff Tobin, Pam Brown, Bill Urban, Keith Colgan and Loretta H. Cockrum of Foram is due to be denied.

### Testifying Experts

CB also requested permission to depose Jonathan Toppe, Luke Miorelli and Ted NeSmith, experts retained by Plaintiff, who are expected to testify at trial.  For the reasons discussed on the record  Defendants' request to depose Jonathan Toppe, Luke Miorelli and Ted NeSmith is due to be granted.

### Miscellaneous Depositions

The parties do not object to Defendants deposing Rick Alcala, Donnie Holland and William Bracken.  Accordingly, Defendants shall be permitted to depose Rick Alcala, Donnie Holland and William Bracken.

With regard to the deposition of Jada Stewart, the principal of Third-Party Defendant Dai-Cole Waterproofing Company, Inc., her scheduled depositions were cancelled because of a serious illness. Ms. Stewart's deposition has been noticed for February 25, 2012. Because this deposition was not completed within the discovery period due to no fault of the parties, the parties shall be permitted to depose Ms. Stewart of Dai-Cole Waterproofing.

The Defendants request the Court to allow them to depose Robert Preston and Jason Shephard of Third Party Defendant The Preston Partnership, LLC and Brad Ellinwood of Third Party Defendant Echelon Engineering, LLC.  Mr. Preston's previously scheduled deposition was canceled because of a personal family medical issue.

Because the parties have made a good faith effort to depose Robert Preston and Jason Shephard of Third Party Defendant The Preston Partnership, LLC and Brad Ellinwood of Third Party Defendant Echelon Engineering, LLC, the request to depose each of these individuals is due to be granted.

The parties also request the Court to allow them to depose Maurice Guevara, the corporate representative of Fourth Party Defendant CMG Siding, Inc. ("CMG"). Mr. Guevara's deposition previously had been noticed for March 26, 2012.  Because the parties already have scheduled Mr. Guevara's deposition, the request to depose Maurice Guevara of CMG is due to be granted.

Lastly, Lowry Construction & Framing, Inc. requests permission to obtain records from and depose the corporate representatives of each of the fourth party defendants, who were defaulted in this case.  No party opposed this request and, accordingly, it is due to be granted to the extent that the depositions are taken within the deadline set in this order.

The parties have demonstrated a need to extend the discovery deadline to complete the depositions identified in this order. However, as discussed by the Court at the hearing, this case is set for trial in May 2012, after several continuances. While the Court recognizes the technical complexity of the case and the volume of documentary and other discovery necessary to prepare this case for trial the case has been pending for more than two years. The Court has no doubt that counsel are using their best efforts to complete discovery. Nonetheless, the case must be resolved.  As in every case there is always another witness to depose and another possible avenue for discovery. The time has now come to end the process, complete the discovery outlined

in this order and move forward to trial.  The Court, therefore, concludes that extending the discovery deadline until **March 30, 2012** is more than sufficient time to complete the depositions outlined in this order.  Further extensions of the discovery deadline will not be granted absent exceptional circumstances and a showing of due diligence and compelling necessity by a party requesting permission to conduct discovery beyond the March 30, 2012 deadline.  Any requests for extending the dispositive motion deadline or for a continuance of the trial will be addressed by Senior District Judge Stephan Mickle.

**DONE AND ORDERED** this 7th  day of February, 2012.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge